### FRANK H. MORIARTY *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    March 5, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence. Railroad. Agency.*

If the foreman of section men, who have been removing old ties from the bed of a railroad near a station, gives some of the ties to a stranger, at his request, with permission to take them away, and in taking them away the stranger places two of the ties on the passenger platform of the station, and negligently leaves them there, where a passenger, alighting from a train after dark, stumbles over them and is injured, in an action by such passenger against the railroad corporation maintaining the track and station for his injuries thus caused, there is no evidence that the stranger who left the ties on the platform was the agent of the defendant in doing so, but it is a question for the jury whether the section foreman or the station master, who knew that a stranger was at work removing the ties, was negligent in not preventing the leaving of the ties on the platform where a passenger alighting from a train would be likely to stumble over them.

TORT for personal injuries incurred on November 1, 1905, at about half past six o'clock in the evening, when the plaintiff had alighted from a train of the defendant, on which he was a passenger, at the station of the defendant at West Acton, by reason of the plaintiff stumbling over two old railroad ties on the station platform, which had been left there by one O'Brien to whom they had been given by one O'Connell, a section foreman of the defendant. Writ dated February 10, 1906.

In the Superior Court the case was tried before *Lawton,* J.

The findings warranted by the evidence are indicated sufficiently in the opinion.

At the close of the evidence, the defendant asked the judge to rule that there was not sufficient evidence to justify a verdict for the plaintiff.   The judge refused to make this ruling.

The defendant thereupon requested the judge to instruct the jury

1.  That there was not sufficient evidence to justify the jury in finding that O'Brien was the agent of the defendant in removing the ties.

2.  That the jury would not be warranted on the evidence in finding that the act of O'Brien in leaving the ties upon the station platform was an act of an agent of the defendant.

3.  That there was not sufficient evidence to warrant a finding that O'Connell had authority to make O'Brien an agent of the defendant in removing the ties.

4.  That there was not sufficient evidence to warrant a finding that O'Connell had the right as agent of the defendant to give to O'Brien the ties.

The judge refused to give any of these instructions, and submitted the case to the jury with instructions under which the jury could have found that O'Connell made O'Brien the agent of the defendant for the purpose of taking the old ties off its premises.   The jury returned a verdict for the plaintiff in the sum of $1,300 ; and the defendant alleged exceptions.

*F. N. Wier*, for the defendant.

*D. I. Walsh*, for the plaintiff.

HAMMOND, J.   The plaintiff was a passenger on a train of the defendant which arrived at the station which was upon the east side of the track, about half past six o'clock in the evening. It was dark, and the plaintiff, after alighting from the train and while walking along the platform, stumbled over two railroad ties which had been placed there by one O'Brien, and was injured.   These ties were a part of a greater number which had been taken out of the railroad bed by the section men, and had been left on the part of the railroad location westerly of the track and opposite the station platform.   On the day of the accident, at the request of O'Brien, the section foreman O'Connell had given him all these ties.

At the close of the evidence the defendant presented certain requests for rulings which were refused, and the case was submitted to the jury, who found for the plaintiff. The case is before us upon the defendant's exceptions to the refusals to rule as requested, and to certain instructions given.

Among the rulings requested and refused were (1) that there was not sufficient evidence to justify the jury in finding that O'Brien was the agent of the defendant in removing the ties and (2) that the jury would not be warranted on the evidence in finding that the act of O'Brien in leaving the ties upon the station platform was an act of an agent of the defendant. The question, whether O'Brien was an agent of the defendant in removing the ties and in placing the two upon the platform, was left to the jury under instructions which authorized them to find for the plaintiff irrespective of the question whether there was negligence on the part of O'Connell or of the station master, or any other person in the defendant's employ.

In this we think there was error. There is nothing to show that O'Connell had any authority whatever to hire O'Brien to act as an agent or employee of the defendant, or even that he or O'Brien ever supposed that he was hiring O'Brien in any such capacity. In removing the ties O'Brien got Smith to assist him and seems never to have dreamed that he was working under O'Connell's direction. Nor do the circumstances authorize the finding that he was impliedly acting as such agent. Even if it be assumed that in giving O'Brien the ties O'Connell was acting within the scope of his authority, and that it was his duty to see that they were properly removed whether given to O'Brien or not, still this is far short of showing that O'Brien in removing them was acting as the agent of the defendant. He was not attempting to do anything for the defendant. The ties had been given to him with permission to take them away, and in removing them he was taking care of his own property and not at all that of the defendant; and his motive in removing them was not to help the defendant or O'Connell to discharge any duty resting upon them or either of them, but to take and protect his own property. Under these circumstances the defendant was entitled to the rulings requested, above set forth, as to the agency of O'Brien.

The judge, however, rightly refused to direct a verdict for the defendant. On all the evidence it was a question for the jury whether there was any negligence on the part of O'Connell or the station master. Each knew that O'Brien, a stranger, was at work removing the ties; and we cannot say as matter of law that the jury could not have found that in view of the relation between the defendant and the plaintiff as its passenger, the defendant failed to exercise that degree of care for its passengers which was imposed upon it by law.

But, since there was error as to O'Brien's alleged agency as above stated, the order must be

*Exceptions sustained.*